UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-23626-WPD

Haytham Fawzi Salah Madhoun,

      Petitioner,

v.

El Paso Processing Center
Immigration Detention Center,

      Respondent,

_____/

## ORDER TRANSFERING VENUE TO THE WESTERN DISTRICT OF TEXAS

THIS CAUSE is before the Court *sua sponte*, upon a review of *pro se* Petitioner Haytham Fawzi Salah Madhoun ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, received by the Court on August 12, 2025. [DE 1]. The Court has carefully considered the Petition and is otherwise fully advised in the premises. The Court finds that transfer to the Western District of Texas is appropriate.

Petitioner in this case alleges that he was taken into immigration custody on February 4, 2025 and that he is being held on an immigration charge at the El Paso, TX Processing Center Immigration Detention Center. *See* [DE 1]. He further alleges that he is a Palestinian Refugee born in Israel, that ICE has twice attempted to get him a travel document from Israel, Jordan, or Palestine, and that Israel will not issue a travel document for him because he is a Palestinian. *See* [DE 1]. He states that he is afraid for his life because he may be deported to an unknown third country where he could be kept in jail for no reason. *See* [DE 1]. He requests that he be freed from immigration detention. *See* [DE 1].

Under 28 U.S.C. 1391(b), venue is proper in a judicial district, "in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred." Here, while Petitioner has filed his Petition against the El Paso, TX Processing Center Immigration Detention Center in federal court in the Southern District of Florida, there is a complete absence of any relationship between this case and Florida. *See* [DE 1]. Venue for this action is not proper in Florida.

Under 28 U.S.C. § 1406, if venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Respondent is located in El Paso, TX, which is in the Western District of Texas. All of the events and or omissions giving rise to the claim regarding Petitioner's immigration detention in Texas, occurred in Texas. This action could have been brought in the Western District of Texas. Accordingly, in the interest of justice, transfer to the Western District of Texas is proper.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk is directed to **TRANSFER** the above-styled case to the Western District of Texas.

2. The Clerk shall **CLOSE** the case file in this district and **DENY** any pending motions as moot.

3. The Clerk shall **MAIL** a copy of this Order to Petitioner at the address below.

**DONE and ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida the 13th day of August, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

2

Copies to:
Counsel of record

Haytham Fawzi Salah Madhoun
A -089-526-219
El Paso Processing Center
8915 Montana Ave.
El Paso, TX 79925